With the lawyers who are going to present, I'm going to please introduce the witnesses. On behalf of Wendy's City Housing Company and Wendy's City Manager. Anthony Pelle on behalf of Salvatore Milazzo. Susan Pablo on behalf of Janet Milazzo. Are you guys going to split time? Yes, judges. We're going to split 8 and 7. We talked about the issue. And do you want some time? Is there going to be any time here for rebuttal? I would like to do 10 and 5, your honor. Okay. All right. Let's proceed. May it please the court. We contend that in this case that lying to a court and continuing to use confidential information, which a court has prohibited the use of, are insufficient grounds for a petition for indirect criminal contempt. And that's exactly what was pled in this case. And despite that, the petitions, both the same, were dismissed. The dispute between the parties in this case, there's no question it's a bitter relationship. If the court cared to, it could take judicial notice of the many lawsuits between the parties. It's emotional. It's angry. It's bitter. Not unusual when fiduciaries leave a company and set up a competitor. I mean, is it your understanding that whenever a party lies in a court proceeding, that that person should be held in criminal contempt? I think a person can be, yes. I mean, it's not an automatic thing, is it? I have yet to find an automatic in the legal system. There is no such thing. The question only in this case is was that a sufficient basis for indirect criminal contempt? What is our standard of review here? That's a good question. We have put, it's a little confusing in this case. I'm going to answer your question, I promise. It's a little confusing in this case because of the way in which the hearings went. It should be, it should be, were the petitions which were filed legally sufficient? On that basis, it would be a de novo review. But because the hearings on these petitions got a little confused in my mind, when we went for hearing, we got the Malazzo's raising, I guess, mistake with the order. Then the judge brought up ex post facto considerations. Then entrapment came up, which I'll review. Let's go to the mistake for a second. Sure. So there were e-mails between the attorneys saying that the agreed date was April 14th, correct? Correct. Okay. But the actual order that was entered said February 14th. Wouldn't that give the Malazzo's a basis to say, yes, it was a mistake. We thought that April 14th was the operative date. Why would we agree to the February 14th date if we had clearly already violated that? I'll answer it this way. That may be, after hearing and evidence, could be a basis to defeat a petition for indirect criminal contempt. But that's not what happened. That was their basis to dismiss the petitions, no doubt about it. We came back with, and it's in the record, that the lawyer for Windy City, Mr. Pildes, last touched the order. On May 6th. After that, the lawyer for Malazzo's was the only one who changed the order. That's Mr. Grady. So we had an affidavit from Mr. Pildes. We had the metadata on the draft order.  Against that was the accusation that there had been some kind of misconduct in the entry of the order, or that later they sort of said, well, maybe it's a mistake. Either one, okay, that's what you want to say, with no evidence, mind you. Malazzo's, no affidavit, no testimony. Mr. Grady, good lawyer, had many cases against him. No affidavit from Mr. Grady that the date was wrong. Weren't the e-mails tendered? The e-mails were tendered. The testimony unrefuted in the affidavit of Mr. Pildes was there was a phone call the day before the order was entered. Oh, the date's wrong. It should be changed to February 14th. That's it. If you look at this record, that was the only evidence on the issue. Now, the problem in this case is not that that's not a defense. I don't think it is. If it is, they didn't present it. But the context or the procedural posture of the case was, was the petition sufficient? That story that they wanted to tell about how somehow an agreed order wasn't agreed, that's an evidence issue. That's testimony. That's proof of an affirmative defense on them, which we never got to. And the judge actually came back on May 23rd in his comments, the transcripts in the record, and said, I find that Mr. Pildes did nothing wrong. Well, all they had to do if that was a real defense was go get Mr. Grady to say, you're right, it was a mistake. It's a mutual mistake of fact. I made an error. It's not there. So there was no error. And they actually used that order on October 2014, about, what is that, six months later, five months later, they filed a motion to disqualify lawyers. They attached a TRO order to it. To this day, nobody has sought to vacate that order or change the date. There's nothing wrong with that date. That's the correct date. And then they lied to the court. That's what happened. Going back to just Gordon's question, though, what is our standard of review here? Standard of review should be de novo. Did the criminal contempt petitions state a claim? Period. And all we have to do for that is an order. Was it, there was an order, the TRO order, was it willfully violated? That's exactly what was alleged. It was alleged in two ways. One, because this is an order that contained a representation, a statement by the Malazos, that they didn't use confidential information after February 14th, they violated the order because that was a lie. The second thing was that order required. Well, let me stop you for a moment. Sure. You know, in your petition for contempt. Yes. You know, it has to take the form, basically, of a criminal complaint. I see. It does, but not to the extent as required in any criminal complaint. We only have to allege for a contempt petition an order in a willful violation. An order in a willful violation. This is not a statute. What you did here in paragraph 12, you said, the actions of the respondents were contemptuous of the court in that the respondents lied as to their actions from February 14th until May 16th. Now, you tell us they lied, but you didn't tell us how they lied. Well, yes, we did, because... Where? Well, number one, the petition incorporates the order. It says that. Two... But you still, you didn't tell us how they lied. What did they say that was a lie? What did they do that was a lie? They used the information. If you look at paragraph... Here's the statement is, we have not used the confidential information in any way, I'm summarizing. Well, I understand your argument. I understand what you're trying to say. But when you're dealing with contempt, contempt is structured through case law for many generations. Okay. And you have to be able to state what a person did willfully that caused this contemptuous conduct. I agree. You say that they lied, but you didn't tell us how they lied. Sure. Paragraph 13, the actions of respondents have continued to be contemptuous until this day in that respondents continued to use the confidential information of Windy City in violation of the TRO. Continued to use. So the lie is... Okay, they continued to use is a lie. The lie is that the day they made the statement, it was a lie. And you have to remember, the statement is from February 15th or whatever it is, 2014, and the order was entered May 16th, 2014, we did not use confidential information. So the lie is that that time period, as stated in the order, they actually used the confidential information, and then paragraph 13 says that they did that and that they continued to use it, which means that not only did they lie, but they violated the order because the order prohibited the use in any way. Those are the two... But you didn't tell us how they used it. We don't have to say how they did at this point. However, we did. Because the court required that we respond to a bill of particulars that the Malazzo's issued. So we did. And what it turned out was... So is it your position that the petition for criminal contempt is not required that the specific allegations be contained in that petition? No, that's not what I'm saying at all. What I'm saying is that... You're saying, look at everything together. I'm saying two things. I'm saying that for purposes of pleading a petition for criminal contempt, we have to plead that an order existed and that the order was willfully violated. We did that. Now, we get into... Now, remember, here's where it gets confusing, or they want to confuse it. This is not a criminal case where we've had the benefit of a grand jury and subpoenas and investigation. This criminal case starts the day it's filed. We have a right to discovery after it's filed. They issued bills of particulars to both respondents, and we responded. And what that showed was that they attached 47 USB ports to electronic devices, took confidential information, they returned 11 of those 47. In the critical time period, there were 171 uses of confidential information. So if the issue is did they know what was being charged, they sure did. They knew what the order was, and they knew what we said they did wrong. That's what due process requires. Now, would they get the discovery on the subpoenas which we would have issued if this wasn't dismissed? Of course. The judge already said that, and that's required by the law. So where this gets twisted is later, after complaining that the order was forged or something that they never proved and didn't matter on sufficiency, we had the right to discovery and to fill in the details of all of the use. But we alleged what they did, and we gave them more information in response to the bill of particulars. They knew exactly what the case was about. What really happened here was Judge Cohen changed his mind. He decided on September 7th that he didn't want this contempt petition floating around in this courtroom anymore. And if you look at the transcripts of it. Well, I think he said repeatedly to focus on the civil litigation. Is that correct? He did. Okay. So tell me what's going on with the civil litigation. Civil litigation is ongoing. Four years of a lawsuit involving fiduciaries who stole information and set up a competitor. The use of the word stole. So none of the civil litigation has been stayed pending the resolution of this? This is dismissed with prejudice. So the issue is this. Once you start a criminal proceeding, that's what this is, can't a judge just stop it out of discretion? It's inconvenient. It's difficult. It makes the civil case more angry. It doesn't matter. Sorry, you cannot stop a criminal contempt case because it's inconvenient. The issue before the court was did the criminal contempt petition state a claim? That's it. Take the emotion out of it. It did. But the judge decided I don't want this. So the judge gets no benefit of the doubt on dismissal of the criminal contempt? The judge always gets the benefit of the doubt when there's a hearing on the merits of the petition. But when we get to the sufficiency of the petition, it's a cold, unemotional analysis of whether the order, there's a pleading with an order and an allegation that it was willfully violated. That's it. You don't get to dismiss cases because you don't like them or they're inconvenient or they create problems for other cases. Otherwise, judges could always do what they wanted and litigants would have no recourse. It doesn't work that way. So that's what happened. Just one more word on ex post facto because that seems to be what respondents are trying to secure their dismissal order with. There's no ex post facto here. Nobody is saying that the malazzo should have been punished or should be punished for something that occurred before the order was entered. That's a phrase that came up after the motion to dismiss was filed, and I thought I did everything possible to make clear we do not seek punishment for anything that occurred before the order was entered. So we ask for reversal. Thank you. May it please the court. Now I'm a little bit confused with counsel's analysis because if this is a criminal petition and if Judge Cohen had a hearing and said you're not guilty of it, there isn't any appeal. So I don't know what his standard is that he would apply here. I thought appropriately the standard would be that he abused his discretion in dismissing a petition that did not state any specific elements and then when given the opportunity to cure that deficiency with a bill of particulars, we got a lot of nonsense in terms of what it says. They bought a lot of cars so they must have had confidential information. Counsel left out several very significant facts. I gave to Judge Cohen with the motion to dismiss all of the email correspondence between the lawyers and there were several drafts with that April 16th draft in it all the way up to May 14th when they made a change and they put back in a term that was in the first draft the word use of confidential information and Mr. Grady sent an email which we gave to the judge to Mr. Malazzo and Mrs. Malazzo saying, okay well actually only to Mr. Malazzo because he was the only one I think served at that point in time but at any rate the email says we put the term use back in as I told you on the telephone today, this is the final draft, this is what we're going to enter in court and there are no communications after that in either lawyer's file between them that said hey you made a mistake, let's change the date. What about Mr. Bukovic's point that wouldn't this have been easier just to pull in your attorney and say or get an affidavit from him saying that everybody's understanding was the operative date was April 14th rather than the February 14th date? Wouldn't that have been a simpler way to explain this? It would have been if I could have gotten consistent statements from him and if I were to do an affidavit I would ask him to tell me everything that he remembered. By the time he got done telling me what he remembered he couldn't remember if there was a phone call with Mr. Pildes or not. He said maybe Mr. Pildes was right, maybe I did put the date in. His system did not produce and he could not produce a draft with the date changed in it. Mr. Pildes' system does not have a draft with the date changed in it. When I first began investigating this case I went down to the clerk's office and I thought I'm going to look at the order. I looked at the order and it's not four pages, it's three. Page two, the page with the date on it, is not in the court file. So I got a certified copy which I put in the record as an exhibit on the motion to dismiss and it's in the record at volume two, page C1544. And I had to file it twice because the certified stamp is on the back. But this certified record that I looked at doesn't have the page on it. So the court's record doesn't even have a date in it as to what the effective date was in terms of that one key date in the case which is truly important to what happens in terms of the prosecution. So we don't have that date where Mr. Pildes is saying he thinks there was a phone call, there might have been. Mr. Brady is saying there might have been. And no records of the parties ever agreeing. And the last thing that Sam Malazzo saw was an email saying this is it. And it said in there April 16th. And Mr. Malazzo was not present at court. There was no court reporter. No one was there. No proceedings held. There's no record of what went on that day. The judge signed an order but we don't have an original with the actual date in it. So with all due respect, I thought that those matters needed to be made of record in terms of the case. And then we get to the fact that what we did was enter an order that said, today we're going to enter an order that says that going back to that date of February 14th, you did not use confidential information. He didn't. He was involved in a dispute with his employer. They were charging him a theft of over $100,000. And his wife was the comptroller of the company. And they had stock in it. He had access to all the records. And they did indeed enter the QuickBooks because we had assured the Franklin Park police that these were legitimate expenses and in fact they had written a check and reimbursed them. And that was done. Unfortunately, there were several thousand dollars that we couldn't find and that led to a theft charge from which they were acquitted. So with all due respect, all that happened here was the judge entered an order that forbade certain conduct at a time when the lawsuit wasn't even filed. And then he decided, I'm not going to enforce that. I believe that was within his power to determine it based on the plea and their failure to provide a bill of particulars or even be able to tell him now after four years of discovery what confidential information anybody ever used. So respectfully, we believe Judge Cohen's order was accurate.  And I would ask that you affirm the merits of my claim. Thank you. May it please the court, counsel.              I do. I do. I do. I do. I do. I do. I do. I do. I do. I do. I do. I do. I do. To pick up where some of my co-counsel's comments left off, the burden in this case when you file a criminal complaint charging someone and seeking criminal penalties. Here they were seeking six months imprisonment. That burden is on the petitioner to be very specific as to time, place, date and actor. And this petition falls very short of that. Counsel points out paragraphs 12 and 13. Respectfully, let me ask you this. Does the litigant have a right to have the court hold somebody in contempt? Does the litigant? Yes. What case says that? I'm unaware of a case that shows that the litigant can hold someone in contempt, but certainly contempt proceedings can be instituted. Well, isn't that an inherent power of the court? It is. Not a right of the litigant? Yes, Your Honor. It is. It's the inherent power of the court. It is not the litigant's right in this particular case. If you have no right to hold somebody in contempt, then how can somebody appeal it? Then there would be no basis for the appeal in this case, and in which case the district or the circuit court That's not part of anybody's brief here, is it? It is not, but certainly the circuit court's order should be upheld for the reasons laid out in our brief as well as that. And the circuit court correctly held in this case that the petition was woefully short. It punishes or seeks to punish conduct that is retroactive. Paragraph 12 talks about dates from February 14th to May 16th. Those all predate the entry of the order. So it is seeking to punish conduct retroactively. Paragraph 13 is woefully short in terms of specifics. When you are seeking to put someone in jail, they are entitled to have notice and due process. And respectfully, counsel's comments that the details can be filled in after the discovery process is not how the criminal system works. You don't get to When there was notice here and there was due process, how was due process violated? In order to bring a charge, there should be sufficient evidence, and that should be laid out in the complaint. You don't get to bring a charge and then enter the discovery process to fill in the blanks. That's why things are investigated beforehand. So respectfully, that information should have been included in the petition. And the fact that it isn't, the lack of specificity, is one of the reasons that the circuit court dismissed the petition and why it should be upheld by this court. There's also the issue regarding Mr. Poldis' affidavit that counsel brings up. They use the affidavit in support of the fact that somehow the Malazos lied to the court. The truth is, all the lawyers knew that the download occurred on February 15th. So that begs the question, why did the lawyers, why all the parties presented an order to the court that everyone knew was incorrect? Everyone knew about the download on the 15th, so why the order then got the date moved back to the 14th? It was across the board in error. So to hold the Malazos in contempt for that lie is inappropriate. Not only that, but the petition seeks to allege that Malazos procured the order based on a lie. That argument might make sense if the order, the TRO, helped them. It makes no sense to lie to get an order that prohibits or enjoins your own conduct. The petition fails in several other respects. There's actually no allegation that they did anything willfully, which is a mens rea requirement. It doesn't indicate that they were served with the petition. I think that's synonymous with violations of orders of protection. In those types of hearings, you certainly have to allege that an order of protection was issued, that a person was served, and that they, therefore, had notice of it. This petition lacks in that regard. At the time the download was made, there was no lawsuit. There was no TRO pending. All the parties were aware of it. That conduct cannot be used as a basis for criminal proceedings. Any reference to the bill of particulars and the downloads that the expert's report refers to are inappropriate. One, because it's not included in the petition, which could have been amended at any time. While the motions to dismiss were pending, criminal complaints or indictments are often amended to include other facts. That could have been done here, and it wasn't. But the bill of particulars, that doesn't help fill in the blanks here, because the information that, well, because it makes a leap, which is what the petition does, it assumes that because things were hooked up to the computer or information was downloaded, it assumes that what was downloaded was confidential. Ms. Malazzo had personal information on her computer. She had e-mails. She had family photos. When you're seeking a petition for contempt, you have to be specific as to what the confidential information is. Everything on the computer is not confidential. So it was their burden to allege in the petition what confidential information was taken. Was it marketing strategies? Was it client information? Was it profit margins? And this petition fails to do that. Based on the lack of specificity, based on the fact that it punishes conduct retroactively, of which everyone was already on notice for, the trial court properly dismissed this, and we respectfully ask that you uphold the or affirm the trial court's decision. Thank you. Just a couple of points, please. You answered my question. Sure. Is there some kind of right that you have here? Is there a case that holds that you have a right to hold somebody in indirect criminal contempt or have the court hold somebody in indirect contempt? Until you added the requirement that I cite a case, I could answer your question. I think there's a right of a litigant to file a petition for contempt. Now, this is a strange situation. It's criminal contempt, and the idea of it came from the judge, which Judge Cohen acknowledges in the transcript of September 7th. What a litigant doesn't have a right to is you don't have a right to win or lose, necessarily. You have a right to a fair hearing, and you have a right to have a violation of a court order brought to the attention of a court and the hearing held. That's what we have a right to. Well, if you have a judge who says, I don't believe in contempt and holding anybody in contempt, and you prove that somebody lied, do you have a right to have an appellate court reverse that, Judge? Yes, you have a right to file a petition. What case holds that? I can't cite you on offhand, Judge, but a party has a right to file a petition for contempt because the court orders are something we all are entitled to rely on. I'm not talking about the right to file a petition. We're talking about a right to overturn a court's decision not to hold somebody in contempt. All you have is a right to ask that a court overturn it. Whether or not you do it or not, it's assumed that the correct standard will be applied, and if it's applied, then the right decision will be made. That's all you can ask for. In other words, we have the power here in the appellate court to reverse a judge who doesn't hold somebody in contempt. Is that what you're telling us? Yes, absolutely. And you know the case that holds that? No, but if you order a supplemental briefing, I'll find you one. Because a litigant has a right, as all lawyers do, to rely on orders. That's how the system functions. And in this case, an agreed order was entered. What that did was it stopped. It allowed the Malazos to stop a hearing on a TRO and a subsequent preliminary injunction hearing, which would have revealed more misconduct. So we stopped because of the agreed order, and it turns out that that order was premised on a lie, and then they violated it. I want to address a few comments, though. First of all, I think Mr. Pennelly's entire argument was basically made on information that's not in this record. He referred to Mr. Grady saying something. Well, that's news to me. Mr. Grady didn't say a thing. Not a thing in this proceeding. Not testimony, not an affidavit, not a letter, nothing. All we know from Mr. Grady is nothing. And all this record says is that Mr. Pildes had a phone conversation with Mr. Grady the day before the order was entered and that they talked about the date. He also has a billing entry which refers to the phone conversation. So if that's the issue about why this order is improper, they never presented any evidence on it. And what Mr. Pennelly's referring to, e-mails, conversations with Grady, what Mr. Malazzo said or thought, none of that is in this record. They never proved that the order, which they have yet to ever seek to vacate, contained an incorrect date. Now, Ms. Pablo says we never told them what confidential information was taken. Bill of Particulars, here it is. Flat fee information, cost analysis, quick books, financial statements, customer lists, budgeting. That's precisely the definition of confidential information that was contained in the TRO and was contained in the operating agreement to which the Malazzos were partners. They knew exactly what we accused them of taking and accused them of keeping in violation of the order. It would make sense to me that a judge and all litigants should want orders to be followed. If an order isn't followed, you have chaos. It's up to the judge to enforce orders. I respect the fact that judges have an inherent right to modify orders, to control their courtroom, to control their docket, to enter orders. But having entered an order and having a proceeding filed which clearly delineated the violations of the orders, it was up to the judge to then have a hearing on the merits of the order. Mr. Pennelly said that Judge Cohen found the Malazzos not guilty. That's news to me too. I've got the transcripts I went through, 4 o'clock this morning, this afternoon, yesterday. There's no finding of not guilty. He killed the case because he didn't want it to interfere with the chancery proceeding. With all due respect, it doesn't work that way. You either dismiss it on appropriate grounds or you have a hearing and you deny the petition maybe, but you have a hearing. But you didn't give the court an alternative in your petition for sanctions instead of contempt, did you? Such as what? Whatever sanctions you'd want, monetary sanctions. We asked for six months' imprisonment. It's up to now. That doesn't mean the judge has to give us what we want. That is an element of discretion in what a judge can do. Well, contempt is one thing. Sanction is another thing. I understand that. But the range of punishment that the court could have administered to the respondents was within the reasonable discretion of the court. We asked for six months' imprisonment. Judge Cohen did not have to do that. I recognize it. No judge does. But that's not a basis for dismissal either. The issue was did we plead a violation of the order and did we plead that it was willful? We did. For whatever reason that is not an appropriate legal reason, it was dismissed. The order should be reversed. We should go back to Judge Cohen. He should have to hear the petitions, and then he may rule accordingly. Thank you. Thank you for giving us a very interesting case. And the arguments were very well done. The briefs were very well done. And we will take this case and decide it very shortly.